## Hobbs *vs* Myres.

### Error to the Jefferson Circuit.

*Onus probandi. Affirmative plea. Judgment.*

Chief Justice Robertson delivered the Opinion of the Court.

REPLEVIN.

*Case* 77.

*May* 5.

Case stated and pleadings of the parties, and judgment of the Circuit Court.

This is an action of *replevin*, in which the defendant in the action having filed a *cognizance*, as a *constable*, justifying the caption under a *fi. fa.* against a stranger, averring that the property was in the defendant in the execution, and praying, therefore, a return. The plaintiff took issue thereon, by traversing the averment of property in the stranger, and repeating that it was in himself.

Each party failing to offer any proof on the trial of that issue, the Circuit judge rendered a judgment in bar of the action, and for a *retorno habendo.*

</div>

In deciding that the *onus probandi* was devolved by the issue on the plaintiff in the *replevin,* the Circuit Judge, as it seems to us, misinterpreted the legal effect of the pleadings.

Judgment should be given against a defendant in replevin, filing a cognigance and justifying and offering no proof—the *onus probandi* devolves on him.

The *cognizance* admitted the caption as charged, and attempted to justify it and manifest a right to a return of the property by pleading affirmatively, and concluding with a verification. This affirmative averment being traversed, the issue, unsupported by proof, left the plaintiff in the replevin, *prima facie,* the owner of the property, because, by admitting the caption, the constable admitted that he had taken the property from the plaintiff's possession, and although possession alone may be insufficient for maintaining such an action, still it is *prima facie* evidence of such a right as will sustain it. And, according to the form of the issue, the constable would have been entitled, in argument, to open and conclude.

We are, therefore, of the opinion that it was the duty of the constable to prove that the property was subject to the execution, and that, failing to offer any proof, he was not entitled to a judgment of *retorno,* under the issue he chose to make up, but that the plaintiff in the replevin was entitled to his costs at least.

Judgment reversed and cause remanded.

*Pirtle and H. Marshall* for plaintiff: *Cates & Lindsey* for defendant.

